### S. B. KNOX *v.* TOWN OF WHEELOCK.

*Evidence.   Representations of Sick Person, how far Evidence in his Favor.   Reason of the Rule.*

1. In an action for injuries received on the highway, the plaintiff claiming that he discharged blood from his bowels, and the defendant, that, if he discharged blood, it was caused by some former disease, it was admissible for the attending physician to testify that he observed his patient's stools two successive days next after the accident, and that they consisted of a bloody mucous substance; that he prescribed for this difficulty; aud, also, that he learned from him, while attending him, the bloody flow continued for about one month.
2. But it was error to allow the physician to testify that the plaintiff called on him before the accident, and that he made a single prescription; and, that, subsequently, while treating him, he told him that it had cured him.
3. The reason and extent of the rule, that the representations and exclamations of a sick person are admissible, stated.

TRIAL by jury at the December Term, 1880, Caledonia County, Ross, J., presiding. Verdict, for the plaintiff. The only questions raised in the court below were as to the admission of certain evidence which was received, and excepted to by the defendant, and these are sufficiently stated in the opinion.

*Belden & Ide*, for the defendant, cited 8 Wall. 397; 66 Me. 523; 7 Cush. 586; 11 N. Y. 416; 13 Ired. L. 485; 42 Ill. 438; 32 Vt. 591; 45 Vt. 275; 48 Vt. 335; 2 Head. 449.

*William W. Grout*, for the plaintiff, cited Green. Ev. 1. s. 102; 6 East, 188; 4 McCord, 38; 8 Watts. 355; 32 Vt. 404; 45 Vt. 275; 48 Vt. 335; 11 Allen, 322.

The opinion of the court was delivered by

VEAZEY, J. The action is case for personal injury by reason of a defect in the defendant's highway. The plaintiff claimed and introduced evidence tending to show that he received such injuries in the abdomen and back, that he passed blood from his bowels for some time thereafter, and injuries to his spine and nerves that induced partial paralysis, and other troubles.

The defendant's evidence tended to show that the plaintiff received no injury on the occasion in question; that the plaintiff was subject to hemorrhoids or bleeding piles before the alleged injury; and that the discharge of blood, if it occurred, was by reason of the piles and not of any injury; that the plaintiff had had paralysis before the alleged injury resulting from diphtheria, and that the effect was still upon him, and caused the sensations indicating paralysis, and pain in the kidneys and weakness in the back, of all which he now complained. The above shows the character of the issue on trial.

The plaintiff was allowed to show by his attending physician, Dr. Carter, that he observed the stools of his patient the two successive days next after the accident, and that they consisted of a bloody, mucous substance; that he prescribed for the difficulty; that he did not see the stools afterwards, and did not know of his own knowledge how long this mucous bloody flow continued; but

was allowed to testify against the objection and exception of the defendant, that he learned from the plaintiff while treating him that it continued about one month. Dr. Carter further testified that before June 8, 1879, the date of the alleged injury, the plaintiff came to him for treatment, and complained of his kidneys ; that he examined the plaintiff, and told him he thought the trouble was with his bladder, and made a single prescription for that trouble. Against the defendant's objection and exception Dr. Carter was further allowed to testify that subsequently but while treating him, the plaintiff told him that said prescription had cured him.

Was the evidence objected to admissible ? It was *hearsay ;* but it is claimed to come within the class of hearsay evidence that is admissible under the rule stated in Vol. 1, s. 102, Greenleaf on Evidence, as follows : " So, also, the representation, by a *sick person,* of the nature, symptoms, and effects of the *malady*, under which he is laboring at the time, are received as original evidence." Evidence of this character is admitted on the ground of necessity. This refers to the necessity as it existed before parties to a suit were made competent witnesses, which has not affected the rule as it was before. *Kent* v. *Lincoln*, 32 Vt. 598.

When the bodily condition is the subject of inquiry, an opinion in regard to it must depend largely upon the patient's bodily sensations and ailments which go to make up the symptoms of disease or injury, and which can be known only to the person who experiences them, and can be proved only by proving his declarations, except as the person himself might testify to them. But there is a limitation to the application of the rule. Such evidence is not extended, in the case of a non-professional witness, beyond the necessity upon which the rule is founded. It has been held in some well-considered cases that this evidence must relate to the present and not to the past ; that anything in the nature of narration must be excluded ; that it must be confined strictly to such complaints, expressions, and exclamations, as furnish evidence of a present existing pain or malady. *Insurance Company* v. *Mosley*, 8 Wall. 397 ; *Bacon* v. *Inhabitants of Charlton*, 7 Cush. 581 ; *Barber and Wife* v. *Merriam*, 11 Allen, 322. In the last

two cases cited a distinction is recognized in the rule as applicable to the testimony of a medical man. The opinion of a surgeon or physician is admissible as the testimony of an expert, and this opinion is necessarily formed in part on the statements of the patient, describing his condition and symptoms, and the causes which have led to the injury or disease under which he appears to be suffering. When the opinion is admitted, the reason and grounds on which it is founded should be admitted also. A party should be allowed to show that the opinion of his expert witness is the result of due inquiry and investigation into the condition and symptoms of the patient, both past and present. This could only be shown by allowing the physician to testify to what he learned from the patient relating to his injury or disease on professional consultation. This was allowed in *Hathaway's Administrator* v. *Insurance Company*, 48 Vt. 335. Hathaway had taken his own life, and the issue on the trial was whether he was insane when he did it. In a consultation as to his health which he had with his physician some two or three weeks prior to his death, he told the physician that " at times he felt as if he must take his life "; " that he had an impulse to take his life." The declarations were admitted under objection, the doctor having testified that the difficulty under which the deceased was suffering was of a nervous character. The Supreme Court held that these declarations were properly admitted, in accordance with the principle recognized in *State* v. *Howard*, 32 Vt. 404; *Kent* v. *Lincoln*, 32 Vt. 598; and the other authorities above cited. In the opinion of the court delivered by the late Chief Justice PIERPOINT, he said : " Considering the nature of the disease from which relief was being sought, they were directly in the line of inquiry that the doctor would naturally be making, to ascertain the then present condition of his patient, and were material to that end, and would have an important bearing upon that point, as tending to show the nature and extent of the disease from which he was then called upon to relieve the patient."

In *Earl & Wife* v. *Tupper*, 45 Vt. 275, WHEELER, J., in discussing the admissibility of this class of evidence, said : " The subjects of which the deceased told him, were such as made testimony, as to what she told him, proper, so long as it did not go

beyond her bodily condition *at that time.*" It would seem as a result of the foregoing principles that the attending physician or surgeon may testify to the same things that the non-professional witness may testify to, and for the same reasons; and that in addition he may testify further as above indicated, on the ground that it is in part at least the basis of his expressed opinion as to the then bodily condition of his patient.

Tested by the above rules the testimony objected to would have been inadmissible coming from a non-professional witness. But coming from the medical attendant, we think that what the witness said about the stools was admissible in view of the connection in which and the circumstances under which it was said.

The other testimony of Dr. Carter which was objected to was inadmissible. The bill of exceptions shows none of the conditions required as above indicated. It was allowing the physician to testify to what the patient said had been the result of the physician's treatment of a former trouble with the bladder.

The exceptions do not clearly show whether the patient made the statement before or after the alleged injury. If *before*, it was clearly inadmissible. If *after*, then the exceptions do not show that the fact was drawn out by the physician in his diagnosis of the case. It was not descriptive of any trouble the patient was then complaining of. It does not appear to have been in any degree the foundation of an opinion formed and testified to by the physician. So far as appears Dr. Carter was improved as a witness only for the purpose of showing the plaintiff's condition, not as an expert to show in addition the cause of his condition. The defence was a denial of any injury as alleged, and the defendant was supporting it by the claim that the plaintiff's condition was not the result of an injury, but was the effect of his former disease. The statement that he had recovered from that was, so far as shown, simply a statement in his own behalf, bearing directly upon the issue on trial, and was no more admissible by reason of being made to his physician, than if made to any other person.

The exception to the testimony of Mrs. Carter was not pressed in argument, and the other exceptions not before noticed were expressly waived. Judgment reversed and cause remanded.